101 F.3d 687
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Francis WANG, Plaintiff-Appellant,
v.
The NEW YORK CITY POLICE DEPARTMENT, Defendant-Appellee.
 Nos. 95-9194, 95-9253.
 United States Court of Appeals, Second Circuit.
 June 25, 1996.
 
 Francis Wang pro se, NY, NY, for Appellant.
 Helen P. Brown, Ass't Corp. Counsel, NY, NY, for Appellee.
 Before KEARSE, MAHONEY and McLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of the record from the United States District Court for the Southern District of New York, and was argued by plaintiff pro se and by counsel for defendant.
 
 
 2
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed. Plaintiff has presented no argument to this Court as to why the district court's denial of his motion for a preliminary injunction was an abuse of discretion, see generally Jayaraj v. Scappini, 66 F.3d 36, 38 (2d Cir.1995). The motion papers submitted by plaintiff in the district court did not indicate that plaintiff was entitled to such relief. Plaintiff also has made no showing that the district court's denial of his motion for a transcript at government expense was an abuse of discretion.
 
 
 3
 We have considered all of plaintiff's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.
 
 
 4
 Plaintiff has pursued this appeal asserting that the district court's rulings were erroneous, but without presenting any basis for his challenges. We regard this appeal as frivolous, and plaintiff is hereby warned that the further filing of frivolous appeals may subject him to monetary sanctions and to an order to show cause why he should not be prohibited from filing future appeals without leave of the court.